UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>                           )<br>     v.                    )     CRIMINAL NO. 04-10113-DPW<br>                           )<br>CARLOS BARRIENTOS          ) | |

DEFENDANT BARRIENTOS' MOTION TO SUPPRESS SEARCH
AND MEMORANDUM IN SUPPORT
─────────────────────────────────────────────

   Defendant, Carlos Barrientos, hereby moves to suppress all evidence seized upon his arrest, specifically the firearm and ammunition located in the apartment. An affidavit of the defendant in support of this motion is attached hereto as exhibit 1.

   On April 15, 2004 at approximately 6am, a task force of both state and federal officers executed an arrest warrant for the defendant related to the distribution of crack cocaine.  The arrest warrant was executed by two teams of officers at two separate locations simultaneously. The location where the defendant was found was 77 Ellington Street, Dorchester, MA. the apartment of his girlfriend, Tina Blount. This location is a 3 family home; Mrs. Blount's apartment is the middle unit on the second floor. At approximately 6am the officers knocked on the door of the 2nd floor apartment, they announced their purpose and possession of an arrest warrant and were allowed in by Tina Blount.  Mrs. Blount acknowledged that the defendant was in the bedroom.  Officers entered the bedroom and found the defendant sitting up in bed.  The defendant was placed under arrest. A gun

and ammunition were recovered in a zipped cloth bag from the bedroom. A police report summarizing the police version of events is attached hereto as exhibit 2.

The weapon and ammunition should be suppressed for the following reason:

1. The Officers engaged in an illegal search upon executing the arrest warrant which took place after all potential danger to the officers or ability to conceal evidence had been eliminated.

## ARGUMENT

Did the officers search and seize this weapon from an area under the immediate control of Barrientos and at a time which could still be considered incident to his arrest? The Supreme Court in *Chimel v. California*, 395 U.S. 752, (1969) stated:

> it is entirely reasonable for the arresting officer to search for and seize any evidence on the arrestee's person in order to prevent its concealment or destruction. And the area into which an arrestee might reach in order to grab a weapon or evidentiary item must, of course, be governed by a like rule. A gun on a table or in a drawer in front of one who is arrested can be as dangerous to the arresting officer as one concealed in the clothing of the person arrested. There is ample justification, therefore, for a search of the arrestee's person and the area 'within his immediate control'-construing that to mean the area from within which he might gain possession of a weapon or destructible evidence.
> There is no comparable justification, however, for routinely searching any room other than that in which an arrest occurs-or, for that matter, for searching through all the desk drawers or other closed or concealed areas in that room itself. Such searches, in the absence of well-recognized exceptions, may be made only under the authority of a search warrant. The 'adherence to the judicial process' mandated by the fourth Amendment requires no less.*Chimel*, id. at 763.

The timing of Barrientos' arrest compared to the search and discovery of evidence is important in that:

> warrantless searches of luggage or other property seized at the time of an arrest cannot be justified as incident to that arrest either if the "search is remote in time or place from the arrest," *Preston v. United States*, 376 U.S. 364,(1964) at 367, or no exigency exists. Once law enforcement officers have reduced luggage or other personal property not immediately associated with the person of the arrestee to their exclusive control, and there is no longer any danger that the arrestee might gain access to the property to seize a weapon or destroy evidence, a search of that property is no longer an incident of the arrest. *United States v. Chadwick*, 433 U.S. 1,(1977) at 14.

Barrientos contends that the weapon and ammunition were not in his immediate control upon his being arrested and furthermore that their seizure occurred after he was secured and all potential danger to the officers had been eliminated. The search took place at a time when no legitimate exception existed for a warrantless search under the Fourth Amendment. *United States v. Paradis*, 351 F.3d 21, (1st Circ. 2003). (Officers, armed solely with an arrest warrant, search apartment uncovering firearm after defendant's arrest and valid protective sweep conducted deemed illegal since officers had determined defendant was only one in apartment thus eliminating any potential danger and reason to search without warrant).

The defendant respectfully requests the Court suppress the weapon and ammunition in that it was obtained through an illegal search contrary to the Fourth Amendment.

<u>REQUEST FOR EVIDENTIARY HEARING</u>

Defendant requests an evidentiary hearing on this motion.

>                Carlos Barrientos
>                By his attorney,
>
>                /S/ Frank Fernandez
>                Frank Fernandez
>                Denner Associates P.C.
>                4 Longfellow Place, 35th Fl
>                Boston, MA  02114
>                Tel: 617-227-2800

<u>CERTIFICATE OF SERVICE</u>

I, hereby certify that a true copy of the above document was served upon Assistant United States Attorney Seth Berman by Hand delivery on December  ,2005.

>                /S/ Frank Fernandez
>                Frank J. Fernandez